USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
JOHN Y. KIM,

              Plaintiff,

    - against -

COLUMBIA UNIVERSITY,

              Defendant.
----------------------------------x

06 Civ. 5365 (RPP)(DFE)

(This is not an ECF case.)

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

    1.  In response to my 9/15/09 Order and my 9/30/09 Memorandum and Order, I have received Mr. Kim's letter dated October 5, 2009.  I am annexing a copy of the letter (minus its exhibits).

    2.  At page 1, he writes:  "I have failed to comply with Your Honor's 9/15/2009 Order to provide requested documents to defense counsel by 9/21/2009 because I was unable to submit the requested documents within six (6) days as ordered."

    3.  However, Mr. Kim was aware of the requests long before 9/15/2009.  At page 3, he quotes from the 4/7/09 transcript, where Judge Patterson told Mr. Kim:  "Well, if you have documents to show you made efforts to find work in this period, you should have that documentation ..."  At the bottom of page 3, Mr. Kim says that he agreed to produce those documents, plus tax returns.  On 7/31/09, Mr. Updike served Mr. Kim with 12 Requests for documents; Request 1 was a clarified request for documents showing any efforts to find work, and Request 2 was a clarified request for tax returns; Requests 3 through 11 were clear and reasonable requests for other categories of documents.  On 9/15/09, I made a few handwritten modifications on the face of the Requests, and I ordered Mr. Kim to produce the documents specified in Requests 1 through 11 "as soon as they are available, but in no event later than September 21, 2009."

    4.  I handed my 9/15/09 Order to Mr. Kim in Courtroom 18A, after discussed it with him in detail.  He did not tell me that he would be unable to submit the documents by September 21, let alone that he would not produce a single document even by October 5, 2009.

USDC SDNY
DATE SCANNED 10/7/09

5. He now says that some of the documents are stored in Utah (he doesn't say which ones) and that the other documents "are stored in various locations in the State of New Jersey." Since he lives in New Jersey, and since he claims to be unemployed, he has no good excuse for not producing the documents that are stored in New Jersey. Moreover, he has not given a sufficient explanation concerning which documents are in Utah, and why he has been unable to gather them from Utah.

6. Mr. Kim has failed to state what efforts, if any, he has made to gather the various categories of documents since 4/7/09, and since 7/31/09, and since 9/15/09. He does not even say when he will begin providing documents "on a rolling basis" as directed at ¶2 of my 9/30/09 Memorandum and Order.

7. **I find that Mr. Kim's failure to comply with my 9/15/09 Order was unjustified. Accordingly, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, I hereby impose the following sanctions. I hereby preclude Mr. Kim from offering in this case (in connection with any motion for summary judgment and/or at trial) any document that (a) was responsive to any of Requests 1 through 11 in my 9/15/09 Order, and (b) was not provided to Defendant by October 5, 2009. I will reconsider these sanctions if Mr. Kim serves and files a convincing affidavit that he has fully complied with my 9/15/09 Order by October 13, 2009.** Mr. Kim's failure to comply also deserves monetary sanctions, but I have decided not to impose them at this time because they would probably be uncollectible.

8. My 9/30/09 Memorandum and Order, at ¶2, said: "I note that the time has expired for any motion seeking reconsideration or modification of my 9/15/09 order." This was equally true of any motion seeking reconsideration of my 9/14/09 and 9/15/09 courtroom rulings or of my 9/16/09 Memorandum and Order. Nevertheless, Mr. Kim's 10/5/09 letter, at page 4, seeks reconsideration of some of those rulings. I adhere to all of those rulings. I do concede that, as of 9/14/09 and 9/15/09, I had forgotten my 8/7/09 handwritten statement that I would allow Mr. Kim to conduct a 5-minute redirect examination after each cross-examination. However, Mr. Kim did not remind me of that handwritten statement. On 9/14/09, Mr. Updike cross-examined Mr. Sacks and Ms. Carr for only 15 minutes each; on 9/15/09, Mr. Updike cross-examined Mr. Haggard for 3 minutes, and Ms. Clark for 7 minutes, and Mr. Kissane for 20 minutes. I did allow Mr. Kim to conduct a 5-minute redirect examination of Mr. Kissane. I did not allow redirect of the previous four witnesses, but I fail to see that this caused any significant disadvantage to Mr. Kim.

9. I direct defense counsel to send a copy of today's Memorandum and Order to Mr. Kim by fax or e-mail or overnight mail as soon as possible.

*Douglas F. Eaton*
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181fax

Dated:    New York, New York
          October 6, 2009

Copies of this Memorandum and Order (and of Mr. Kim's 10/05/09 letter to me, minus its exhibits) will be sent by mail to:

Mr. John Y. Kim
c/o Harry Kim
531 Eastgate Road
Ho Ho Kus, New Jersey 07423

Charles B. Updike, Esq.
Schoeman, Updike & Kaufman, LLP
60 East 42nd Street
New York, NY 10165
   (also by fax to 212-687-2123fax)

Hon. Robert P. Patterson, Jr.



Mr. John Y. Kim
c/o Harry Kim
531 Eastgate Road
Ho Ho Kus, N.J. 07423

October 5, 2009

**BY HAND**

Honorable Douglas F. Eaton
United States Magistrate Judge
United States District Court,
Southern District of New York
United States Courthouse, Rm. 1360
500 Pearl Street
New York, New York 10007



Re:  *John Y. Kim v. Columbia University*
     06 Civ. 5365 (RPP)(DFE)

Dear Honorable Judge Douglas F. Eaton:

I am the *pro se* Complainant in this unfortunate employment discrimination case and I respectfully submit this letter in response to Your Honor's MEMORANDUM AND ORDER dated September 30, 2009 that was faxed to defense counsel at 20:20 hours from your chambers with direction for defense counsel to send a copy to me. I received a copy via Fed Ex on Friday October 2, 2009.

In particular, you have directed me to submit a letter to you by no later than October 5, 2009 to state "…whatever the reasons there may be as to why I [Your Honor] should not impose sanctions for his [plaintiff's] failure to comply with my [Your Honor's] 9/15/09 order."

I respectfully submit that I have failed to comply with Your Honor's 9/15/2009 Order to provide requested documents to defense counsel by 9/21/2009 because I was unable to submit the requested documents within six (6) days as ordered.

1.  The documents that have accumulated over the last approximately 17.5 years are stored in various locations in the State of New Jersey and in the State of Utah since defendant Columbia University unlawfully terminated my employment in 1992. I simply could not meet the dead line on time.

2.  Unlike the defendant, I do not have the luxury of secretarial staff nor do I have co-counsel(s) or paralegals or General Counsel Office staff to expedite the search; I don't even have a fax or copying machine.

3.  Unlike the defendant I did not fabricate and submit false documents; committed perjury; deceived a United States District Federal Judge; and lied to opposing party. –Please see OPINION AND ORDER #97149 dated March 2, 2009.

4.  In addition, I, a pro se plaintiff, am pitted against at least six (6) attorneys by defendant Columbia University. 1 Charles Updike; 2 Alicia Levy 3 Laura Barbieri (from Schoeman, Updike

& Kaufman LLP); 4 Jody Riger; 5 Edward Brill (from Proskauer Rose LLP **–see 08 civ. 7915 (CM)**) and 6 Patricia Sachs Catapano (from Columbia University Office of General Counsel)

5. On September 2, 2008 defense counsel stated in open Court, in Honorable Judge Patterson's Chambers, that:
   **THE COURT:** Let me see if I understand, As far as the parties are concerned, the necessary discovery has been completed. Is that correct?
   **MS. BARBIERI:** As far as the defendant is concerned.
   **The COURT:** Well, you haven't taken Mr. Kim's deposition?
   **Ms. BARBIERI:** I have not. I have a thousand pages of Mr. Kim's testimony already.
   **The COURT:** So you don't want to take anymore.
   **MS. BARBIERI:** I don't have a need to take Mr. Kim's deposition…
   **THE COURT:** As long as you are satisfied that you have got the sufficient testimony from Mr. Kim, that is your decision.

6. On October 28, 2008, Charles Updike wrote to Plaintiff stating that:
   …I have replaced Laura Barbieri as Columbia's principal defense counsel on your case. …As I indicated to Judge Patterson, in the letter of which a copy is enclosed. Columbia would like to conclude discovery and move to a resolution of this matter as promptly as possible. Going forward, I stand ready to do what is necessary to accomplish that goal.

7. On November 25, 2008, Charles Updike falsely stated in a letter addressed to plaintiff that:
   …Our file reflects that your deposition has been noticed for December 3, 2008 at 9:30 am in our New York Office.

8. Charles Updike disgracefully fabricated this non-existing "notice of deposition" that was never served and fraudulently attempted to "confirm" my attendance as if there had been a "notice of deposition."

9. Despicably, he then fraudulently sent a "second Notice to Take Deposition of Plaintiff and Columbia's First Request for Production of Documents to Plaintiff dated December 5, 2008, as if there actually was a "First Notice of Deposition" which did not exist and never been served.

10. Charles Updike (CU 1277) did not stop there. Disgracefully, on May 14, 2009 Updike had the audacity to send yet a "Third Notice to Take Deposition of Plaintiff." This notice ended with "…The deposition will continue from day to day until completed or otherwise adjourned." A clear harassment of a pro se plaintiff.

11. Defense counsel deceptively and secretly compiled series of "Notice of Deposition" and "Production of Documents" starting November 25, 2008 to be used fraudulently against an unsuspecting pro se plaintiff and to deceive Honorable Judges.

12. Honorable Judge Patterson denied all Updike's fraudulent depositions and document requests and assigned the case for a Settlement discussion with Honorable Magistrate Judge Eaton on January 29, 2008.

13. As late as March 16, 2009, in compliance to the Court Order dated Match 2, 2009, defense counsel was disgracefully still submitting plaintiff's discovery request that was made in November of 2007.

14. On April 7, 2009, parties met with Honorable Judge Patterson after the **OPINION AND ORDER #97149** dated March 2, 2009.

    On April 7, 2009, in open Court, it was made clear to all parties that:
    THE COURT: Then upon completion of the depositions you wish to take, Mr. Kim, the defense will take your deposition.
    KIM: okay.
    MR. UPDIKE: And also, your honor, can we have it clear that Mr. Kim will furnish the documents with respect to his deposition at least 14 days before the date of that, or let's say
    THE COURT: Well, if you have documents to show you made efforts to find work in this period, you should have that documentation for – or personal records of calls and things, they don't have to be all letters. They can be telephone letters or conference or interviews or what have you. Records of them so they can check them out and find out.
    MR. UPDIKE: we have also requested, your honor, Mr. Kim's tax returns for the period because they would reflect what ever earning she did have. There's schedule of documents.
    THE COURT: With the understanding those will be held confidential, yes.
    Mr. Updike: Of course.
    Mr. Kim: So what's the period?
    THE COURT: By about...
    Mr. Kim: No, what period of tax returns?
    Mr. Updike: It's from the termination of the –the state division hearing until the present.
    THE COURT: On what date? Let's make it clear on the record, what years are you talking about?
    Mr. UPDIKE: It's -- I believe its 2003, but it's in the notice of deposition that was sent to Mr. Kim. What ever the specification of documents is in that notice is what we would ask him to produce.
    THE COURT: Is that satisfactory, Mr. Kim?
    Mr. Kim: No. I think he should go on record to specifically state what documents they are looking for and what –
    THE COURT: Well, what tax returns they're looking for. The others he can't tell, we can't tell, we can't tell where you looked for work. That's all within your knowledge, not their knowledge. The tax returns, he's limiting it to the period contained in your notice of deposition, which was previously sent to you. He think in the notice of deposition that it says, please produce your income tax returns for the years blank, what ever they are.
    Mr. Kim I'd have to go back and check, your honor.
    Mr. Updike: It's a very simple, you know, document demand, your honor. If Mr. Kim has some, you know specific objection to it he wants to take up with me. That's fine. But it's I think it's only a few sentences that we've asked essentially for what your honor just described; that is to say, documents with respect to his search for employment or any employment that he had, plus the tax returns for the period – I think it's from the termination of the EEOC hearing. And I think the dates are actually specified, but I can send it to Mr. Kim again, if he wants.

15. Thus, according to Mr. Updike, defendant's request was simply "...his [plaintiff's] search for employment or any employment that he had, plus tax returns for the period" and to furnish documents 14 days before the deposition. This was agreed to by all parties; there was no other issues discussed regarding document demand.

3

16. Further, all parties agreed to and Honorable Judge Patterson directed that plaintiff's deposition by the defendant will take place "**after**" the completion of depositions plaintiff wishes to take.

Despite the agreement that the deposition of plaintiff by defense counsel is to take place after the completion of depositions plaintiff whishes to take, the defense counsel deceptively noticed deposition of plaintiff for July 14, 2009 and falsely accused plaintiff for failing to show for his deposition. On July 16, 2009 defendant fraudulently wrote to Honorable Judge Patterson falsely claiming that plaintiff failed to show for his deposition. Thus, Honorable Judge Patterson's Order dated July 15, 2009 and Order dated July 17, 2009 reflect what had transpired.

Finally, on September 30, 2009 defense counsel Charles Updike this time wrote to Honorable Judge Eaton stating falsely that: "...Mr. Kim has repeatedly resisted responding to these discovery requests which were first propounded almost a year ago." The defense counsel has been fraudulently compiling these false discovery requests precisely to harass and to cause harm to unsuspecting parties and to deceive Honorable Judges in this deceptive manner.

In light of what I have experienced as a pro se plaintiff in this litigation thus far, I respectfully and humbly urge this Court to take judicial notice of what I consider to be a gross misconduct by a licensed professional in dealing with a pro se plaintiff; especially since this is not the first occurrence of this kind of disrespect, along with deception and harassment practiced by defendant.

These unscrupulous acts of defendant among other factors caused the deposition to take place in this Courthouse. Accordingly, my deposition should take place in this Courthouse as originally ordered; I just don't feel safe being deposed at defense counsel's office.

I respectfully would like to know why am I being deposed by defendant for maximum of seven hours when I was permitted only two hours maximum to depose each of the five witnesses? Also, why was I not permitted to conduct a redirect examination of the witnesses (except for Joseph Kissane) even though 8/7/09 Order clearly stated that "...after each cross-examination, Mr. Kim may conduct a redirect examination, which will be limited to 5 minutes unless additional time is granted on consent or by me?"

Sincerely,

John Y. Kim

cc: Charles Updike
Schoeman, Updike & Kaufman, LLP
60 East 42nd Street
New York, NY 10165

Courtesy copy to: Honorable Judge Robert P. Patterson, Jr.

4