```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JOHN Y. KIM,
                                      06 Civ. 5365 (RPP)(DFE)
                Plaintiff,
                                      (This is not an ECF case.)
        - against -
                                      MEMORANDUM AND ORDER
COLUMBIA UNIVERSITY,

                Defendant.
------------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

    1. After my 9/16/09 Memorandum and Order and my 9/30/09 Memorandum and Order, Mr. Kim appeared for his deposition on October 30, 2009. With a cover letter dated November 11, 2009, defense counsel Alycia Levy sent Mr. Kim, via Federal Express, the original and one copy of the 215-page transcript, and a copy of the videotape of the deposition. Ms. Levy's cover letter correctly alluded to my directive (at Tr. 13-18) that Mr. Kim, within 14 days from the date he receives the transcript, must serve defense counsel with (a) the original transcript, signed by Mr. Kim in front of a notary public, along with (b) a signed statement listing any changes in form or substance and stating the reason for making each such change (citing the page and line) and must serve defense counsel and me with (c) a signed statement identifying any questions as to which Mr. Kim wishes to press an objection and stating the reason for each objection. I now make one minor correction to Ms. Levy's cover letter: since November 26 and 27 are court holidays, **Mr. Kim's 14-day deadline will be Monday, November 30, 2009.** Moreover, at my request, I have today received from defense counsel my own copy of the 215-page transcript and my own copy of the videotape. Accordingly, I now excuse Mr. Kim from sending me a copy of the transcript. On the other hand, I direct Mr. Kim to send me, by November 30, a copy of his signed statement listing any changes in form or substance and stating the reason for making each such change (citing the page and line).

    2. By letter to me dated November 12, 2009, defense counsel Charles Updike seeks sanctions for contempt, and states as follows. Despite Paragraph 4 of my 9/16/09 order (which directed Mr. Kim "not to voice any objection during the deposition, and ... to answer each question ... subject to his presumed

-1-

objection" which I would rule on when I received the transcript), and despite my 10/30/09 order at Tr. 117-18 (where I directed Mr. Kim to "answer questions about what you did in the 1970's and 1980's"), Mr. Kim flatly refused to answer "Did you have any employment from the time you graduated from high school until the time you became a consultant at Columbia [in 1986]?" (Tr. 118-19), although he did mention that he was a consultant for Bergen Community College in "1984, 1985" (Tr. 119).

    3. Mr. Kim was born in September 1948; he claims not to remember the year he graduated from Bryant High School, but I would assume it was around 1966 or 1967. What Mr. Kim did from 1967 through 1985 is relevant to this lawsuit, and particularly relevant to his duty to mitigate his damages after his 1992 termination, and his burden to prove what damages were caused by that termination. I agree with defense counsel when he writes: "For example, a description of Mr. Kim's employment during [1967 through 1985] may reveal aptitudes and abilities that Mr. Kim might have utilized in seeking employment after his termination. Similarly, if Mr. Kim's employment history is such that he was unable to secure and hold a job or jobs during [1967 through 1985, then this] may support the inference that Mr. Kim's inability to find and secure a job after his termination is the result of factors other than actions by Columbia." (11/12/09 letter, p. 2.)

    4. One possible sanction is an order directing that the inference described in the previous sentence "be taken as established for purposes of the action." Fed.R.Civ.P. Rule 37(b)(2)(A). Another possible sanction is an order directing Mr. Kim to return for a second day of testimony, as mentioned by defense counsel at Tr. 211. **I direct Mr. Kim to serve, by November 30, 2009 (with a copy to me) a signed statement, listing the year of his graduation from high school, the year and name of the next school he attended (Tr. 114: "one of the city universities"), and the year and name and address of each person or organization for whom he worked as an employee or a consultant for more than four weeks at any time during the period from 1967 through 1985.** After assessing this statement, I will decide whether it sufficiently cures Mr. Kim's disobedience of my orders, or whether some sanction or sanctions are still appropriate. **November 30 is also the deadline for Mr. Kim to make any further response to Mr. Updike's 11/12/09 letter.**

    5. I direct defense counsel to send a copy of today's Memorandum and Order to Mr. Kim by fax or e-mail or overnight mail as soon as possible.

*[signature: Douglas F. Eaton]*

DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181fax

Dated:     New York, New York
           November 17, 2009

Copies of this Memorandum and Order will be sent by mail to:

Mr. John Y. Kim
c/o Harry Kim
531 Eastgate Road
Ho Ho Kus, New Jersey 07423

Charles B. Updike, Esq.
Schoeman, Updike & Kaufman, LLP
60 East 42nd Street
New York, NY 10165
   (also by fax to 212-687-2123fax)

Hon. Robert P. Patterson, Jr.