Charles B. Updike
Alycia S. Levy
Schoeman, Updike & Kaufman, LLP
Attorneys for Defendant Columbia
University in the City of New York
60 East 42nd Street
New York, New York 10165
(212) 661-5030

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN Y. KIM,

                    Plaintiff,                    06 CV 5365 (RPP)

      -against-

COLUMBIA UNIVERSITY,

                    Defendant.
-------------------------------------------------------X

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant The Trustees of Columbia University of the City of New

York s/h/a Columbia University (hereafter "Columbia") respectfully requests that

the Court instruct the jury on the law as set forth in the attached instructions.

Columbia reserves the right to modify this submission as necessary to account for

pretrial and evidentiary rulings or to conform to the evidence presented at trial.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1
### Province of the Court

Members of the Jury:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you instructions concerning the law applicable to this case.

It is your duty to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case. It is not proper for you to disregard the law as I instruct you because you disagree with it or for any other reason.

Given _____ Not Given _____ Given in Substance_____

## DEFENDANT'S PROPOSED JURY INSTRUCTIO NO. 2
### Special Verdict Form

To help you in your deliberations, we will be using a special verdict form for Plaintiff in this case. The special verdict form contains a series of questions about the case that you will be asked to answer. Before I give you instructions on the special verdict form that you will use to reach your decision, I will explain certain important principles that you should keep in mind throughout your deliberations.

Given _____   Not Given _____   Given in Substance_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3
### Summary of the Case

This lawsuit involves claims of discrimination by Plaintiff against Columbia. You will each have to reach a verdict on each of the separate claims. Plaintiff makes two claims:

(a)     Columbia terminated Plaintiff s employment in April 1992 because of his race; and

(b)     Columbia terminated Plaintiff's employment in April 1992 because of his age.

Plaintiff seeks damages to compensate him for the alleged race discrimination and age discrimination. It will be your function to determine whether Plaintiff has proven by a preponderance of the evidence, that he was subject to discrimination based on his race or age when he was terminated from his employment by Columbia in 1992.   Columbia denies that it discriminated against Plaintiff because of his race or his age.  Columbia maintains that its decision to terminate Plaintiff was based on legitimate, non-discriminatory reasons, and was not motivated by his race or his age.  Rather, Columbia terminated plaintiff's employment due to uncivil behavior towards co-workers and violation of departmental purchasing policies.

It is your duty to decide whether either of Plaintiff's claims has merit, and if so, what money damages, if any, should be awarded to Plaintiff. You are not to assume that Plaintiff is entitled to recover anything from Columbia merely because

I am instructing you as to the legal principles applicable to his claim or as to the way damages are measured.

Given _____ Not Given _____ Given in Substance_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO.4
### All Persons Equal Before the Law-Organizations[1]

In your deliberations, you must not consider the fact that Plaintiff is an individual while Columbia is a non-profit university. A non-profit corporation is entitled to the same fair trial as a private individual. It is important to bear in mind that a university can only act through the people it employs and the decisions those people make. All parties in litigation stand equal before the law and are to be dealt with as equals in a court of justice. You must weigh and consider this case without regard to sympathy, prejudice, or passion against any party to the action. In reaching your verdict, you must not consider anything other than the evidence which has been presented to you in this action. All the parties in this case and the public have the right to expect that you will carefully and impartially consider all the evidence in this case, follow the law as I state it for you, and then reach a just verdict regardless of the consequences.

Given _____   Not Given _____   Given in Substance_____

---

[1] Sand, et aI., Modern Federal Jury Instructions, (2003)(hereinafter, "Sand"), ~ 72.01, Instr. 72-1; O'Malley, et al., Federal Jury Practice and Instructions (5th Ed. 2003) § 103.12 (hereinafter "O'Malley")

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5
### Existence of Litigation

I should also remind you that simply because a defendant is sued does not mean that the defendant is liable.  Anyone can file a lawsuit. The fact that Plaintiff has filed this lawsuit against Columbia does not, by itself, mean that Columbia has done anything that the law prohibits.  That is for you to decide on the basis of the evidence.

Given _____   Not Given _____   Given in Substance_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6
### Witness Credibility, Inconsistencies and Conflicts

You should carefully scrutinize all testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' motive or state of mind and demeanor on the witness stand during this trial.  Consider the witness' ability to observe the matters to which he or she has testified, and whether the witness impresses you as having an accurate recollection of those matters.

Inconsistencies or discrepancies in the testimony of a witness or between testimonies of different witnesses may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or transaction may see, hear or honestly recollect it differently.  A witness may also be discredited or "impeached" by contradictory evidence, that is by a showing that he or she testified falsely concerning a matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.  If different parts of the testimony of any witness or witnesses appear to be inconsistent, you, the jury, should try to reconcile the conflicting statements, whether of the same or different witnesses.  And you should do so if it can be done fairly and satisfactorily.

If you decide, however, that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.  There is no magic formula by which one may determine how to resolve conflicting testimony.  In your everyday affairs you

8

determine for yourselves the reliability or unreliability of statements made to you by others and which statements you will believe and not believe.  The same tests that you use in your everyday dealings are the tests which you should apply in your deliberations.  The interest or lack of interest of any witness in the outcome of this case -that is, the extent to which he or she stands to gain or lose anything as a result of the decision in this  case -should be considered by you in determining what weight, if any, you will assign to that witness' testimony.  For example, Plaintiff has testified before you.  The fact that he is the Plaintiff and therefore has an interest in the outcome of his claims is a matter for you to consider, together with your observation of Plaintiff as a witness, in determining his credibility, the truthfulness of his testimony, and the weight, if any, you will give his testimony.  Similarly, current and former employees of Columbia have testified.  The testimony of those witnesses should also be evaluated in relation to the interest, if any, they personally may have in the outcome of this case.

Given _____   Not Given _____   Given in Substance_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7
### Missing Witness

Just as you must carefully scrutinize all testimony given and draw conclusions based upon your opinion of what the evidence tends to show, you must not draw any negative inference from a party's inability to produce a witness. There are several factors that can affect whether a witness can or will be called to testify at trial. For instance, the Court's jurisdiction, or power, extends only 100 miles from the courthouse and, as a result, no witness who is located more than 100 miles away can be compelled by the Court to appear for this trial. As a result, you may not draw any negative inferences if a particular individual was not called as a witness during the trial.

Given _____ Not Given _____ Given in Substance_____

10

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8
### Rulings on Admissibility

From time to time, I have been called upon to pass upon the admissibility of certain evidence.  You should have no concern with the reasons for any such rulings.  Do not draw any inferences or conclusions from them.  Whether offered evidence is admissible is purely a question of law for the Court to resolve.  In admitting evidence to which an objection has been made, I do not decide what weight should be given to that evidence, nor do I decide on the credibility of the evidence.  That is your function as jurors.  Of course, you must dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the Court.  Also, you must not speculate or guess about any discussion between the Court and counsel held out of your hearing.

Given _____ Not Given _____ Given in Substance_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9
### Stipulated Facts

During this case, I have read to you [or have entered into evidence as Court Exhibit _____ ] a list of _____ statements of fact to which the parties have stipulated. A stipulated fact is a fact in the case that the parties have both agreed is true, and is to be given the same weight as if a witness had testified about the fact in Court.

Given _____   Not Given _____   Given in Substance_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10
### Burden of Proof[2]

The burden is on Plaintiff to establish his case of race and age discrimination. Therefore, he must prove every essential element of his claims by a preponderance of the evidence. Conversely, Columbia bears no burden of proof on Plaintiff's claims. It need not prove that Plaintiff was not subjected to discrimination based on his race or his age. Thus, if Plaintiff's proof fails to establish any essential element of his claim by a preponderance of the evidence, you must find for Columbia.

If, after considering all of the evidence in this case, you find that you cannot decide whether Plaintiff has proven all the essential elements of his claims or, if you feel the evidence presented by both parties is equally probable, then you must find for Defendant. If, after considering all of the evidence in this case, you are satisfied that Plaintiff has carried his burden on each essential element of his claims, then you should find for Plaintiff. I will instruct you on the elements of the law that Plaintiff must separately prove.

Given _____   Not Given _____   Given in Substance_____

---

[2] St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993) (burden of proof remains with plaintiff at all times in employment discrimination action); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11
### Preponderance of the Evidence[3]

This is a civil case. The Plaintiff has the burden of proving each essential element of his claim by a preponderance of the evidence.

A preponderance of the evidence does not mean the greater number of witnesses or the greater length of time taken. It refers to the quality of the evidence as you regard it, the weight, significance, and effect it has on your mind. A preponderance of the evidence means that something is more probably true than not true. It is often said that evidence is to be weighted on scales, and if you find that the scale tips, however slightly, in favor of the party with the burden of proof, then that element will have been proven by a preponderance of the evidence. If Plaintiff fails to meet this burden, by however small a margin, your verdict must be for Columbia.

In deciding whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, all exhibits received in evidence, and all stipulated facts.

Given _____   Not Given _____   Given in Substance_____

---

[3] 3 Sand, et aI., Modern Federal Jury Instructions, (2003) (hereinafter, "Sand"), 'If 73.01, Instr. 73-2; 9th Cir. Instr, 1997 § 1.12.1; O'Malley, et aI., Federal Jury Practice and Instructions (5th Ed. 2003) § 104.01 (hereinafter "O'Malley")

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12
### General Race Discrimination Instruction

Plaintiff claims that he was terminated because of his race. To succeed on his race discrimination claim, Plaintiff must prove by a preponderance of the evidence that he was discharged because of his race in violation of Title VII of the Civil Rights Act of 1964. To determine that Plaintiff was discharged because of his race, you must decide that Defendant would not have discharged Plaintiff had he not been Asian-American, but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

Given _____  Not Given _____  Given in Substance_____

15

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13
### General Age Discrimination Instruction

Plaintiff claims that he was terminated because of his age.  To succeed on his age discrimination claim, Plaintiff must prove by a preponderance of the evidence that he was discharged because of his age in violation of the Age Discrimination Employment Act.  To determine that Plaintiff was discharged because of his age, you must decide that Defendant would not have discharged Plaintiff had he been under 40, but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff.  However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

Given _____ Not Given _____ Given in Substance_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14
### Prima Facie Case of Race or Age Discrimination[4]

The plaintiff claims that he was discriminated against based on his race and his age. Under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, Plaintiff has the burden of proving race and age discrimination, the law follows a three-stage order of proof, and the burden remains with Plaintiff to prove by a preponderance of the evidence that Columbia intentionally discriminated against him because of his race and/or his age when they made the decision to terminate him from his employment.

To meet his burden of proof, Plaintiff first must establish a prima facie case of race and/or age discrimination. If he does not meet his prima facie case, then you must rule in Columbia's favor. However, if Plaintiff succeeds in establishing a prima facie case, it does not mean that Columbia intentionally discriminated against him. Instead, the burden shifts to Columbia to articulate a legitimate non-discriminatory reason for the decision to terminate Plaintiff from his employment. Once Columbia has provided that reason - and the burden on Columbia is simply one of production, not proof - Plaintiff must then prove that Columbia's stated reason for Plaintiff's termination was merely a pretext or cover-up for race and/or age discrimination.

---

[4] McDonnell Douglas v. Green, 411 U.S. 792 (1973); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000); Mandell v. County of Suffolk, 316 F.3d 368,377-78 (2d Cir. 2003); Williams v. R.H Donnelley, Inc., 199 F. Supp. 2d 172, 178 (S.D.N.Y. 2002), aff'd, 368 F.3d 123 (2d Cir. 2004); Uddin v. City of New York; 427 F. Supp. 2d 414,429 (S.D.N.Y. 2006); Honey v. County of Rockland, 200 F. Supp. 2d 311,320 (S.D.N.Y. 2006); Harrison v. North Shore Univ., 2008 U.S. Dist. LEXIS 17330 (E.D.N.Y. March 6, 2008).

To meet his burden of establishing a prima facie case of discrimination, Plaintiff must prove each of the following elements by a preponderance of the evidence: (1) that he is a member of a protected class; (2) that he was subjected to an adverse employment action; and (3) the circumstances of the adverse employment action gives rise to an inference of discrimination.

**Membership In A Protected Class:** The parties do not dispute that Plaintiff is a member of a protected class, namely, Asian Americans and was over the age of forty (40) at the time of his termination.

**Adverse Employment Action:**  The parties do not dispute that Plaintiff was subjected to an adverse employment action, namely, his termination.

**Evidence of Discriminatory Animus:** In order to demonstrate that the adverse employment action was discriminatory, Plaintiff must demonstrate (1) actions or remarks or comments by decision-makers that could be viewed as reflecting discriminatory animus; or (2) that his employer "treated him less favorably than similarly situated employees outside his protected group."

Here, Plaintiff has presented no evidence of comments or actions by any decision-maker that demonstrates discriminatory animus. In order to establish that he was treated less favorably than similarly situated Asian-Americans, Plaintiff would need to establish the existence of a non-Asian American employee who was similar to Plaintiff in all material respects and who was treated more favorably. In order to establish that he was treated less favorably than similarly situated persons under the age of 40, Plaintiff would need to establish the existence of a

younger employee who was similar to Plaintiff in all material respects and who was treated more favorably. "Similarly situated" means (1) whether the Plaintiff and the similarly situated persons were subject to the same workplace standards; (2) whether the imposition of the adverse employment action on Plaintiff and other employees are of comparable seriousness, without any differentiating or mitigating circumstances that would explain or distinguish the differential treatment.[5]

If Plaintiff fails to prove any of these elements, you must find in favor of Columbia with respect to his discrimination claims.

Given _____   Not Given _____   Given in Substance_____

---

[5] 5 Francis v. Runyon, 928 F. Supp. 1956,203 (E.D.N.Y. 1996); Graham v. Long Island Railroad, 230 F.3d 34,39 (2d Cir. 2000).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15
### Discrimination: Columbia's Legitimate Reasons

If you find that Plaintiff has proven a prima facie case of race and/or age discrimination, you are to take into consideration the reasons given by Columbia for its decision to terminate Plaintiff. Columbia's reasons, which were presented through the testimony of its current and former employees, are that on March 20, 1992, Plaintiff was immediately suspended after an angry and violent incident directed at a co-worker, the last in a series of such incidents involving uncivil and inappropriate behavior towards his co-workers. After Plaintiff's suspension, his supervisor, James Haggard learned of a final written warning issued to Plaintiff the previous year by Plaintiff's preceding supervisor for, among other things, inappropriate treatment of co-workers. Haggard also discovered the extent of Plaintiff's on-going violations of departmental purchasing policies and procedures. The severity of the most recent incident, Plaintiff's previous final warning, Plaintiff's history of inappropriate conduct towards co-workers and his continued failure to follow departmental procedures led to the decision to terminate Plaintiff's employment. Columbia is required to do nothing more in this trial than to state legitimate, nondiscriminatory reasons for its employment decisions. Columbia need not prove that its reasons were good reasons or justifiable reasons, or that they are reasons with which you would agree. The explanation merely has to be legitimate and not based on race.

20

Since Columbia has put forth legitimate, non-discriminatory reasons for all their employment decisions with respect to Plaintiff, he enters his third stage of proof.

Given _____ Not Given _____ Given in Substance_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16
### Discrimination: Plaintiff's Burden To Demonstrate Pretext[6]

Because Columbia has put forth legitimate, non-discriminatory reasons for its actions concerning the decision to terminate Plaintiff from his employment with Columbia, Plaintiff now has the burden to prove to you, by a preponderance of the evidence, that the reasons asserted by Columbia are false and merely a pretext, or cover up, for race or age discrimination. The reasons given by Columbia cannot be considered a pretext for unlawful race or age discrimination unless Plaintiff proves by a preponderance of the evidence that Columbia's stated reasons are false and that the real reason was discrimination based on his race or his age. Simply proving that a reason is false will not suffice unless it has been proven to you that Plaintiff's race or age was the real reason for Columbia's decision to terminate Plaintiff. If Plaintiff fails to meet his burden, your verdict must be for Columbia on Plaintiff's claim for race or age discrimination.

You are instructed that the reasons given by Columbia cannot be considered a pretext as long as the decision-maker(s) had a legitimate belief that the facts upon which they based their decisions were true. Plaintiff's own perceptions or personal beliefs that he must have been discriminated against on the basis of his race cannot control your determination - the fact that Plaintiff firmly believes that he has been discriminated against on the basis of his race is not evidence. You are required to rely on proof and evidence, and not Plaintiff's belief or opinion.

---

[6] St. Mary's Honor Ctr v. Hicks, 509 u.s. 502, 516 (1993); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000); Griffin v. TNT Int'l Express, 2008 U.S. Dist. LEXIS 19808 (S.D.N.Y. March 12,2008); Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994).

If you conclude that Columbia's stated reasons were legitimate, non-discriminatory and relied upon by Columbia, then you must return a verdict in favor of Columbia.  A verdict can only be entered in favor of Plaintiff if you determine that there are "such weaknesses, implausibilities, inconsistencies, incoherences or contradictions" in each of Columbia's proffered legitimate reasons that such reasons are "unworthy of credence."  If Plaintiff cannot satisfy his burden of demonstrating pretext, then you must return a verdict in favor of Columbia on the race and age discrimination claim.

Given _____    Not Given _____    Given in Substance_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17
### Columbia's Business Judgment[7]

In considering whether Plaintiff has met his burden of proving his discriminatory termination claim based on his age or his race, you must keep in mind that Columbia was entitled to make any business judgment or decision it chose -however unfair, unwise, misguided or unreasonable that judgment or decision may appear to you - so long as Columbia was not motivated by race or age in its decision to terminate his employment. You are not to decide whether, had you been his manager or employer, you would have made the same decision. You are not to judge whether the decision to terminate Plaintiff's employment was unfair, right or wrong from a management or business standpoint, or to second guess the wisdom of this decision. Columbia was entitled to make this decision for any reason, or even for no reason at all, so long as the decision to terminate Plaintiff was not discriminatory.

Columbia does not have the burden of establishing that any decision being challenged in this case was sound or correct, or that it was actually motivated by the stated reasons; the question is not whether Columbia showed poor or erroneous judgment.  It is not necessary for you to believe that Columbia made the correct decision.

---

[7] Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988); Thornley v. Penton Publishing, 104 F.3d 26,29-30 (2d Cir. 1997); DeMarco v. Holy Cross High Sch., 4 F.3d 166, 170 (2d Cir. 1993); Montana v. First Fed Sav & Loan Ass 'n, 869 F.2d 100, 106 (2d Cir. 1989); Dister v. The Continental Group, 859 F.2d 1108, 1116 (2d Cir. 1988); Parcinski v. Outlet Co., 673 F2d 34,37 (2d Cir. 1982), cert. denied, 439 U.S. 984 (1978); Luxenberg v. The Guardian Life Ins. Co., 2004 U.S. Dist. LEXIS 3121, at *23 (S.D.N.Y. Mar. 2, 2004); Fahie v. Thronburgh,764 F. Supp. 310, 315 (S.D.N.Y. 1990); Wade v. New York Tel. Co., 500 F. Supp. 1170, 1176 (S.D.N.Y. 1980); Sitkiewicz v. Initial Servs. US.A. 1999 WL 728643, at *5 (S.D.N.Y. Sept. 5, 1999) (citation omitted).

Given _____ Not Given _____ Given in Substance_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18
### Plaintiff's Subjective Belief[8]

Any generalized or conclusory testimony presented by Plaintiff regarding his own perceptions of the appropriate decision or subjective belief that his termination was the result of race or age discrimination is insufficient to prove by a preponderance of the evidence that he was the victim of race or age discrimination.

Given _____   Not Given _____   Given in Substance_____

---

[8] Sumner v. United States Postal Services, 899 F.2d 203,209 (2d. Cir. 1990); Gagne v. Northwestern Nat 'I Life Ins. Co., 881 F.2d 309, 311 (6th Cir. 1989); Creech v. The Ohio Cas. Ins. Co., 944 F. Supp. 1347 (S.D. Ohio 1996); Ayela-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 96 (l't Cir. 1996); Ezoldv. Wolf, Block, Schorr & SolisCohen, 983 F.2d 509,545 (3d Cir. 1992), cert. denied, 510 U.S. 826 (1993); Simpson v. Midland-Ross Corp., 823 F.2d 937 (6th Cir. 1987).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19
### State Division of Human Rights Proceeding[9]

You have no doubt noticed that it has taken more than eighteen (18) years for Plaintiff's claim to come before you and this court for resolution.  That is not the fault of either party and you should not consider the mere passage of time as weighing for or against either Plaintiff or Columbia.

You have also become aware that Plaintiff's claims were the subject of a prior proceeding that was the principal factor in delaying the filing of plaintiff's claims in this court.

The prior proceeding is something that is required by law.  Under the United States statute that prohibits discrimination in employment based on race or age, a plaintiff is required to assert his claims first before state and federal administrative tribunals before he is permitted to come before this court.

In this instance, plaintiff's claim was the subject of a full trial before an Administrative Law Judge of the New York State Division of Human Rights.  The findings of that Judge have been put into evidence and are before you.

Although the findings are in evidence and may be considered by you, they are not binding upon you.  You may consider the findings along with all of the other evidence and give them whatever weight you think they deserve.

Given _____ Not Given _____ Given in Substance_____

---

[9] *See Chandler v. Roudebush*, 425 U.S. 840, 863 n. 39 (1976); *Henry v. Daytop Village, Inc.* 42 F.3d 89, 96 (2d Cir. 1994); *Enilo v. The Port Authority of New York and New* Jersey,1996 U.S. Dist. LEXIS 6344 (S.D.N.Y. May 10, 1996); *Strauss v. Microsoft Corp.*, 1995 U.S. Dist. LEXIS 7433, *6-10 (S.D.N.Y. June 1, 1995).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20
### Effect of Instructions As To Damages[10]

I am about to instruct you on the issue of damages.  You should not interpret the fact that I give you instructions about damages as an indication in any way that I believe Plaintiff should, or should not, win this case. The instructions I give you on the measure of damages are given only for your guidance and are to be applied only in the event that you should find in favor of Plaintiff on either of his claims by a preponderance of the evidence, in accordance with the other instructions I have given you.  If you decide that Plaintiff is not entitled to prevail with respect to either of his claims, you need not consider damages and should proceed no further.

Given _____   Not Given _____   Given in Substance_____

---

[10] 17 Fifth Circuit Pattern Instruction 2.22 (1992); Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, 4th ed. § 74.02 (as modified).

28

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21
### Actual Damages[11]

If you should find that Columbia intentionally discriminated against Plaintiff, then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate the Plaintiff for any damages you find the Plaintiff sustained as a direct result of a discriminatory decision by Defendant to terminate Plaintiff.  You shall award actual damages only for those injuries which you find that the Plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by the Defendant in violation of Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act.  That is, you may not simply award actual damages for any injury suffered by the Plaintiff – you must award actual damages only for those injuries that are a direct result of actions by the Defendant and that are a direct result of conduct by the Defendant in violation of the law.  The Plaintiff's claim for damages includes several distinct types of damages and you must consider them separately.

First you must determine the amount of wages and fringe benefits the Plaintiff would have earned in his employment with the Defendant if he had not been terminated on April 6, 1992 through the date of your verdict, minus the amount of earnings and benefits that the Plaintiff received from other employment during that time.

You are not to award compensatory damages which the Plaintiff may have incurred unless he has established by a preponderance of the evidence that such

---

[11] *See* L. Sand, *et al.* , Modern Federal Jury Instructions 88-70 (2005).

damages are a direct result of Defendant's violation of the law.  Compensatory damage awards do not automatically follow from a finding in favor of Plaintiff.  Just as Plaintiff must prove his case of race or age discrimination, he must also prove all of his damages by a preponderance of the evidence.  There is no such thing as a presumption of compensatory damages.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation or guess work.  You are not to award Plaintiff compensatory damages unless you find that he has presented evidence of actual injury that comes solely from Defendant's conduct and no other source.  If you find that the injuries complained of by Plaintiff were caused by factors or reasons other than Defendant, such as illness, a personal or family problem or other stresses, then you may not award compensatory damages.  The damages that you award must be fair compensation for the injury solely caused by Columbia's conduct, no more no less.

While it is not necessary that Plaintiff prove the amount of those damages with mathematical precision, he is required to present such evidence as might reasonably be expected to be available under the circumstances and with as much definiteness and accuracy as circumstances permit.

Given _____ Not Given _____ Given in Substance_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22
### Mitigation of Damages

A terminated employee has the duty to take steps to make reasonable efforts to minimize or reduce his damages for loss of compensation by seeking employment following his termination.  This is referred to as "mitigation of damages." Therefore, if you find that through reasonable efforts Plaintiff could have found comparable employment, but did not do so, any amount that he could have earned in comparable employment must be deducted from the amount of damages awarded to him. The burden is on Columbia to prove that Plaintiff failed to mitigate his damages.

If you determine Plaintiff is entitled to lost compensation, you must reduce the loss by the sum of:

1.  What Plaintiff actually earned and

2.  What Plaintiff could have earned if he had made reasonable efforts during the period from his termination until the date of trial.

You must determine whether Plaintiff acted reasonably in his pursuit of alternate employment.  If you determine Plaintiff did not make reasonable efforts to obtain another similar job, you must decide how much of Plaintiff's lost compensation damages resulted from Plaintiff's own failure to make such reasonable efforts.  If you find by a preponderance of evidence that Plaintiff made no reasonable efforts to obtain alternative employment, then he would be entitled to no damages for lost compensation.

You must not compensate Plaintiff for any portion of Plaintiff's loss of compensation resulting from Plaintiff's failure to make reasonable efforts to reduce Plaintiff's loss of compensation.

Given _____ Not Given _____ Given in Substance_____

Dated: August 2, 2010
       New York, New York

                        SCHOEMAN, UPDIKE & KAUFMAN, LLP

                        By: _____
                              Charles B. Updike (CU 1277)
                              Alycia S. Levy (AL 9637)
                        60 East 42nd Street, 39th Floor
                        New York, New York  10165
                        Phone:  (212) 661-5030
                        Fax:  (212) 687-2123
                        *Attorneys for Defendant Columbia University*
                          *in the City of New York*

                                      33